By the Court.

It would not have been to be lamented, had the facts in this case authorized an opinion in support of the action. The mischievous and disgraceful practice of firing guns in and near the highways on days of military musters, which is so prevalent in various parts of the State, should be restrained by those who have the militia under their charge. If they neglect this duty, they are legally responsible for all damage sustained by a citizen in consequence of such neglect. In the case before us, however, the facts are not sufficient to maintain the action against this defendant. He, with the other field officers, had retired from the parade. He had dismissed the regiment, and it was no longer under his command. Each company was under the orders of its distinct commanding officer. The captain of the company, to whose misconduct the plaintiff owed his injury, may have been liable. But no blame can be attached to the defendant, unless he mustered his regiment in an unlawful place. We think this point not made out. The road occupied was six rods wide, giving sufficient space for the troops, and for travellers to pass. The intention of the legislature, in the provision of the law cited for the plaintiff, seems to have been * to author-
ize a commanding officer, when on duty, to mark out the lines of his parade ground ; provided that he shall not include any public way, so as to prevent travellers from passing upon it. He shall not exclude them from the highway.
*246 Upon the whole, although the plaintiff seems well entitled to satisfaction for the gross injury he has received, we do not think the facts proved at the trial entitle him to an action against the present defendant. Judgment must, therefore, be rendered on the verdict.